UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DELORES MORRISON,

                       Plaintiff,

-against-

FAMILY EMPOWERMENT COUNCIL,

                       Defendants.
------------------------------------------------------------x

07 CIV 6266(WCC)

**NOTICE OF MOTION
TO BE RELIEVED AS COUNSEL
OF RECORD FOR PLAINTIFF**

**PLEASE TAKE NOTICE** that upon the annexed declaration of Kenneth W. Richardson, Esq. dated August 7, 2007 and the exhibits thereto, declaring will move this Court a the Federal Courthouse, 300 Quarropas Street White Plains, New York for an Order relieving Kenneth W. Richardson as counsel of record for plaintiff Delores Morrison.

Dated: New York, New York
       August 7, 2007

Respectfully submitted,

Law Offices of Kenneth W. Richardson

By: _____
Kenneth W. Richardson(KWR 8701)

To:

Delores Morrison
P.O. Box 720
Monticello, NY 12701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

DELORES MORRISON,

                Plaintiff,

        -against-

FAMILY EMPOWERMENT COUNCIL,

                Defendants.

-----------------------------------------------------------x

07 CIV 6266(WCC)

**DECLARATION OF KENNETH W. RICHARDSON SUPPORT OF MOTION TO BE RELIEVED AS COUNSEL**

Kenneth W. Richardson, Esq. hereby declares under 28 U.S.C. Sec. 1746:

1. I am a solo practitioner and counsel for plaintiff Delores Morrison herein. I make this declaration in support of my motion to be relieved as counsel for plaintiff herein.

2. This motion is made due to plaintiff's failure to pay me any monies despite my advising her that I could only take the case if paid.

3. Ms. Morrison agreed to do so and did sign off on my retainer to that effect.

4. At that time, Ms. Morrison also provided me with a check for two thousand dollars.

4. Normally I would have waited for the check to clear but when Ms. Morrison consulted with me she had only a limited time to get the complaint filed before the Right to Sue letter would run.

5. As a result, and with Ms. Morrison's insistence that the check was good, I drafted a complaint and had it filed the Court. See Exhibit.

6.  About a week later, the check was returned as insufficient.

7.  After writing to Ms. Morrison regarding the bounced check, she called my office leaving a voice mail message assuring me that she still wanted me to pursue the case for her and that she would send a money order or bank cashiers check as soon as I called her back to provide her with my address. Never mine that Ms. Morrison already had my address, as it appeared on the retainer agreement as well as on the letter I sent her regarding the bounced check.

8.  Nevertheless, I sent Ms. Morrison another letter containing my address. I also tried to call Ms. Morrison but her voice mail was always full. That was on July 25, 2007. I have not heard from her since.

9.  While I would have much rather have been paid as agreed and pursued Ms. Morrison's claim, at this point, her deception and unreliableness makes it very difficult for me to generate any enthusiasm whatsoever for representing her.

10. Under these circumstances I will be unable to provide Ms. Morrison with the zeal in representation required in any law suit.

11. Based on the foregoing, declarant respectfully request that this Court grant the within motion to be relieved as counsel of record for plaintiff herein and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 7, 2007

*Kenneth W. Richardson*
Kenneth W. Richardson